# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1853.

---

### R. B. HOUSTON v. J. M. MORRISON.

Where the indorsements of credits, upon the note sued on, disclosed that the verdict was for one hundred dollars more than was due, and there was nothing in the statement of facts to sustain the verdict, this court reversed the judgment of the court below, refusing to grant a new trial. (Note 1.)

Appeal from De Witt.

*A. H. Phillips*, for appellant.

LIPSCOMB. J.  This suit was brought by the appellee against the appellant on a note of hand.  The jury returned a verdict for the plaintiff for four hundred and forty-four dollars and ninety-two cents.  There was a motion for a new trial on the ground that the jury had found in favor of the plaintiff for a larger amount than the evidence authorized.  The motion was overruled and defendant appealed.

There were several credits indorsed upon the note.  When those credits were deducted, it left a balance of only three hundred [2] and eight dollars and sixteen cents.  The verdict was, then, for one hundred and thirty-six dollars and seventy-six cents more than the evidence authorized.  A new trial ought to have been granted on the motion of the defendant in the court below. Judgment reversed and cause remanded.

Reversed and remanded.

NOTE 1.—In the assessment of damages, on judgment by default, the clerk must allow all credits indorsed upon the note sued on. (Holland *v.* Cook, *post* 244.)

---

### CHANDLER V. FULTON AND OTHERS.

Where the assignee of a bill of lading sued forwarding merchants for the unlawful detention of the goods, the consignors were permitted to intervene and defend, claiming that the goods were detained by virtue of their right of stoppage *in transitu*.

Where goods have been shipped upon credit, the unpaid vendor, in case of the vendee's insolvency, may countermand their delivery and resume possession of them, at any time before their arrival at the place of destination, provided the bill of lading has not been assigned to a *bona fide* purchaser.  The term insolvency, in this connection, means a general inability to pay, evidenced by the stoppage of payment.

The right of stoppage *in transitu* continues until the termination of the voyage, and the delivery of the goods to the consignee, or his agent.  In general the termination of the voyage is at the place of ultimate destination, mentioned by the vendee to the vendor; but the consignee may determine the voyage and the right of stoppage *in transitu*, by receiving the goods, by agent, at an intermediate point, provided such receipt be not made with a view to the transmission of the goods to their original destination

It is not necessary, to a valid stoppage *in transitu*, that the party by whom it is effected should have received a special authority to that effect.  The authority of a general agent is sufficient.  A merchant to whom goods are sent with directions to forward, may stop them *in transitu* for the benefit of the consignor, provided the latter affirm the act.

A general assignment for the benefit of creditors, or a seizure by an execution creditor, or under process of foreign attachment against the consignee, or a sale for a valuable consideration unaccompanied by a transfer of a bill of lading, will not defeat the right of stoppage *in transitu*.  But the assignment of the bill of lading, *bona fide*, for a valuable consideration to an assignee without notice of the insolvency of the consignee, does defeat the right of stoppage *in transitu*.

1